UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-02484-SSS-SP | Date | November 25, 2025 |
|---|---|---|---|
| Title | *Brandon Chavez v. Capstone Logistics, LLC et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 14]**

Before the Court is Plaintiff's Motion to Remand Case to California State Court filed on October 23, 2025. [Dkt. No. 14, "Motion"]. Defendants submitted an Opposition on October 31, 2025, and Plaintiff filed his Reply on November 7, 2025. [Dkt. No. 16, "Opposition" or "Opp."; Dkt. No. 17, "Reply"]. The Court **GRANTS** the Motion.

**I.   FACTUAL AND LEGAL BACKGROUND**

Plaintiff Brandon Chavez worked as Warehouse Staff for Capstone Logistics from November 2024 to February 2025. [Dkt. No. 1-1 at 4, "Complaint"]. The Complaint alleges that Chavez was promised a certain hourly rate when he was hired, but was "forced to work through breaks without premium pay, and supervisors manipulated time records to conceal these violations." [*Id.* at 3]. Despite Plaintiff's complaints to his direct supervisor Galdino Borquez regarding unfair task assignments and pay discrepancies, the Complaint alleges that his

concerns were dismissed and resulted in his suspension relating to a workplace safety incident. [*Id.*].

On July 10, 2025, Plaintiff filed the underlying suit against Defendants Capstone Logistics LLC ("Capstone") and Doe Defendants in the Riverside County Superior Court, bringing various state law claims arising from this conduct. [*See generally* Complaint]. Plaintiff filed an amended complaint on August 12, 2025, adding Defendant Galdino Borquez ("Borquez") to the action. [Dkt. No. 1-2, "First Amended Complaint" or "FAC"]. The FAC alleges that Defendant Borquez made statements to Plaintiff that he would "get paid more if [he worked] through [his] breaks." [FAC at 5]. Furthermore, Borquez allegedly assigned his subordinates to tasks that resulted in lesser pay and doctored reports of workers' production numbers that resulted in Plaintiff's lesser paychecks. [*Id.*].

Defendant Capstone removed the suit to federal court on September 19, 2025, on the basis of diversity jurisdiction. [*See* Dkt. No. 1, "Notice of Removal"]. In the Notice of Removal, Defendant Capstone contends that Defendant Galdino Borquez ("Borquez") is a "sham defendant," and that his citizenship is irrelevant for purposes of removal. [Notice of Removal at 5–7].

Plaintiff now seeks to remand the case back to the Riverside County Superior Court, challenging Capstone's assertion of diversity jurisdiction. [*See generally* Motion]. Capstone maintains that Borquez is a sham defendant, that Plaintiff cannot establish his claims against Borquez, and thus that the Court should deny the Motion. [*See* Opposition at 8–14].

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014);

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

### III.   DISCUSSION

Plaintiff primarily argues that Borquez is not a sham defendant, which bars this Court's assertion of subject matter jurisdiction. [Motion at 6–9]. Furthermore, the Reply suggests Defendant fails to carry its burden of proof regarding Plaintiff's inability to state any claim against Borquez. [Reply at 2–3]. Taken together, Plaintiff asks the Court to remand the case. [Motion at 9; Reply at 5].

Defendant's removal rests on the idea that Borquez, the only alleged California Defendant, was fraudulently joined because Borquez is not a supervisor or managing agent. [Opp. at 8–12]. If Borquez is not a managing agent, Plaintiff cannot maintain his claims against him. [*Id.*]. Absent Borquez, the parties are diverse. [*See* Notice of Removal].

For the reasons stated below, and the Motion is **GRANTED**.

#### A.   Fraudulent Joinder

Diversity jurisdiction in this case turns in part on whether Plaintiff can establish a cause of action against Borquez.[1] Plaintiff alleges Borquez is a resident of California (and Capstone does not contest this), and Capstone is a citizen of Delaware and Georgia for jurisdictional purposes. [FAC at 3; Notice of Removal

---

[1] Plaintiff does not contest that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). [*See* Opp. at 14].

at 4–7]. If Borquez is a citizen of California, as Plaintiff argues, the parties are not diverse, and the Court must remand.

A defendant may remove a case with a non-diverse defendant based on diversity jurisdiction and then seek to persuade the district court that the non-diverse defendant was fraudulently joined. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). A non-diverse defendant is fraudulently joined if it can show that "the plaintiff fails to state a cause of action against a resident [non-diverse] defendant." *Id.* In other words, fraudulent joinder occurs when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998). The Ninth Circuit has noted that this burden is "heavy." *See Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Similarly, the Fifth Circuit has noted that a "removing party must prove that there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983) (emphasis added).

The FAC brings the following causes of action against Borquez: (1) failure to pay overtime wages (Claim 2); and (2) failure to provide meal and rest periods (Claim 3); and (3) failure to provide accurate wage statements (Claim 5). [FAC at 7–11]. Capstone must establish that Plaintiff fails to state any colorable legal claim against Borquez, regardless of Plaintiff's motive for joining him. *See Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944).

Defendant argues that the Complaint is factually and legally deficient as relating to claims against Borquez. [Opp. at 10–14]. In particular, Defendant argues that each of these claims arise under § 558.1 of the California Labor Code, which cannot apply to Borquez. Cal. Lab. Code § 558.1. [Opp. at 8–9]. Plaintiff responds that the FAC sufficiently alleges facts to render Borquez a managing agent under § 558.1. [Reply at 3].

### B. California Labor Code § 558.1

The California Labor Code provides that "[a]ny employer or other person acting on behalf of an employer" may be held liable for Labor Code violations.

Cal. Labor Code § 558.1(a).  Section 558.1 further defines "other person acting on behalf of an employer" to mean someone who "is an owner, director, officer, or managing agent of the employer."  § 558.1(b).

Where Defendant raises fraudulent joinder in opposition to the Motion, federal courts may look beyond the pleadings to determine whether the challenged joinder was in fact a sham or fraudulent device to prevent removal.  *See Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998).  The Court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.*  Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand.  *Id.* Defendant must also demonstrate "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Burris v. AT & T Wireless, Inc.*, No. C 06–02904 JSW, 2006 WL 2038040, at *1 (N.D.Cal. July 19, 2006).  Remand must be granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* at *2.

Here, Defendant argues the FAC lacks factual support to show Borquez had "substantial discretionary authority over decision-making at the warehouse," and that "[Borquez] did not have any involvement in decisions that determined company policy." [Opp. at 10].  Further, Defendants have provided a declaration from Yvette Alvarez, Borquez's supervisor, to support that he cannot be liable under § 558.1.  [*See* Dkt. No. 16-1].  This declaration states the Borquez was a "Lead" in the warehouse who lacked the authority to set schedules or control wage statements.  [*Id.*].

However, Defendant's broad statements in the declaration are insufficient to carry Defendant's "heavy burden" to "prove that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against" Borquez. *Gralnik v. DXC Tech., Inc.*, 2021 WL 5203333, at *4 (C.D. Cal. Nov. 8, 2021).  Indeed, courts regularly reject such declarations as insufficient to carry a defendant's burden to show fraudulent joinder in the context of § 558.1.  *See, e.g., King v. U.S. Bank Nat'l Ass'n*, 53 Cal. App. 5th 675, 713 (2020) (Aug. 24, 2020) (explaining that "the determination of whether certain employees are managing agents does not necessarily hinge on their level in the corporate hierarchy," but "[r]ather, the critical inquiry is the degree of discretion the employees possess in making decisions."); *Kendrick v. Mindlance Inc.*, 2024 WL 709188, at *5 (C.D.

Cal. Feb. 21, 2024) (indicating that "the question of an individual's status under § 558.1 is a question of fact for decision on a case-by-case basis.").

Taking the Complaint, Motion, and Reply together, Borquez was Plaintiff's direct supervisor during his employment at Capstone. [FAC at 7–8]. The Complaint alleges that Borquez "assign[ed] his crew to 'transfer' tasks" and "assigned himself the 'folder' tasks," which were more lucrative. [*Id.* at 8]. Plaintiff also raised concerns regarding Borquez's conduct relating to erasing names from folders and adding different names and maintains that conduct by Borquez might explain his lower paychecks. [*Id.* at 9]. Such decisions are not ministerial, but discretionary. [Reply at 3]. Citing to *Usher v. White*, Plaintiff posits Borquez acted in manners that suggest he had control over wage policies and their implementation, which precludes a finding that he could not possibly bring a claim against Borquez. [Motion at 7 (citing *Usher v. White*, 64 Cal.App.5th 883, 896 (2021))].

At this juncture, the parties have presented competing accounts of Borquez's scope of authority and the actual conduct he engaged in. Where the Court must resolve all disputed questions of fact in favor of the plaintiff, the Court agrees that Borquez could potentially be liable where he "directed the structure of pay and work assignments" involving Plaintiff. *Ramirez v. Quad Graphics, Inc.*, No. EDCV 23-62 JGB (KKX), 2023 WL 3254979 at *4 (C.D. Cal. May 4, 2023). [*See* Motion at 9; Reply at 3 (citing facts in the FAC)].

"A defendant is not a fraudulently joined or a sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Defendant, therefore, has not presented "extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

The Court, upon reviewing the Complaint, Notice of Removal, and the parties' briefings, finds Defendant Capstone has not shown Plaintiff has absolutely no possibility in prevailing in his various California Labor Code claims against Borquez. Because the Court must remand where doubts to the propriety of removal exist, the Court **GRANTS** Plaintiff's Motion. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## IV. CONCLUSION

Because Defendant Capstone has not met its burden to establish complete diversity between the parties, the Court finds diversity jurisdiction does not exist over this case. 28 U.S.C. § 1332(a). Thus, the Court finds removal was improper under 28 U.S.C. § 1441(a) and **GRANTS** Plaintiff's Motion. [Dkt. No. 14]. The Clerk is **DIRECTED** to remand this action to Riverside County Superior Court.

**IT IS SO ORDERED.**